# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

Anita R. Golden,

     Plaintiff

v.

Teg Staffing, Inc., d/b/a Eastridge Workforce Solutions,

     Defendant

Case No.: 2:16-cv-01590-JAD-CWH

**Order Granting Summary Judgment for Defendant Eastridge Workforce Solutions**

[ECF Nos. 82, 97]

Plaintiff Anita R. Golden used to work for defendant Teg Staffing, Inc., doing business as Eastridge Workforce Solutions, until she was fired for endangering a co-worker. Golden then sued Eastridge and several of its managers under a variety of workplace-discrimination theories. After a dismissal-motion round, Golden's complaint has have been whittled down to a sole gender-discrimination claim in violation of Title VII of the Civil Rights Act. Eastridge now moves to dismiss that claim, arguing that Golden cannot present a prima facie case or show that its legitimate, non-discriminatory reasons for firing her were merely pretext for unlawful discrimination. I agree on both theories, so I grant Eastridge's motion and close this case.

## Background[1]

Eastridge is a subcontractor who provides workers for various job sites around Nevada. Golden had been hired by Eastridge to work on multiple sites as a water-truck driver until she was fired after being disciplined for workplace misconduct on three occasions over two months. In the first instance, Golden and another water-truck driver got into an altercation over who would use the water pump to fill up their truck first. Golden received a verbal counseling from her manager for that incident.

On the second occasion, Golden hit a post with her water truck and failed to maintain the scene "as is." Eastridge's safety manager suspended her for two days for that infraction. And on

---

[1] These facts are not disputed and can generally be found in both parties' briefs. *See* ECF Nos. 82, 90.

the third occasion, Golden turned on the water pump to fill up her truck while another employee was doing maintenance on the pump's motor, endangering him. She was suspended while Eastridge investigated the incident. Golden, the maintenance worker, and a witness all provided statements to Eastridge's safety manager as part of the investigation. The witness confirmed that Golden turned on the water pump while the other employee was working on the motor. Golden was ultimately fired for that safety violation. She now sues Eastridge for gender discrimination, arguing that, because she is a woman, she was punished more harshly than the male employees who committed safety violations.

## Discussion

### A.    Summary-judgment standard

Summary judgment is appropriate when the pleadings and admissible evidence "show there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."[2]  When considering summary judgment, the court views all facts and draws all inferences in the light most favorable to the nonmoving party.[3]  If reasonable minds could differ on material facts, summary judgment is inappropriate because its purpose is to avoid unnecessary trials when the facts are undisputed, and the case must then proceed to the trier of fact.[4]

If the moving party satisfies Rule 56 by demonstrating the absence of any genuine issue of material fact, the burden shifts to the party resisting summary judgment to "set forth specific facts showing that there is a genuine issue for trial."[5]  The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts"; he "must produce specific evidence, through affidavits or admissible discovery material, to show that" there is a

---

[2] *See Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986) (citing FED. R. CIV. P. 56(c)).

[3] *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

[4] *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995); *see also Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994).

[5] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986); *Celotex*, 477 U.S. at 323.

sufficient evidentiary basis on which a reasonable fact finder could find in his favor.[6] The court only considers properly authenticated, admissible evidence in deciding a motion for summary judgment.[7]

**B.     Golden cannot present a prima facie case of gender discrimination.**

Title VII makes it "an unlawful employment practice for an employer . . . to fail or refuse to hire or to discharge any individual or otherwise to discriminate against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of [her] . . . sex."[8] In the pathmaking case of *McDonnell Douglas Corporation v. Green*,[9] the United States Supreme Court established a burden-shifting framework for courts to apply to Title VII discrimination claims.[10]

"A discrimination complainant must first establish a prima facie case of disparate treatment."[11] "In general, a plaintiff must present evidence of 'actions taken by the employer from which one can infer, if such actions remain unexplained, that it is more likely than not that such action was based upon race or another impermissible criterion'" like gender.[12] If the plaintiff presents a prima facie case, "the burden shifts to the defendant to produce some evidence demonstrating a legitimate, nondiscriminatory reason for the employee's [treatment]."[13] And if the defendant meets that burden, "any presumption that the defendant

---

[6] *Bank of Am. v. Orr*, 285 F.3d 764, 783 (9th Cir. 2002) (internal citations omitted); *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991); *Anderson*, 477 U.S. at 248–49.

[7] FED. R. CIV. P. 56(c); *Orr*, 285 F.3d at 773–74.

[8] 42 U.S.C. § 2000e-2(a)(1).

[9] *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

[10] *Id.* at 802.

[11] *Bodett v. CoxCom, Inc.*, 366 F.3d 736, 743 (9th Cir. 2004) (internal citations and quotations omitted).

[12] *Id.* (quoting *Gay v. Waiters' Union*, 694 F.2d 531, 538 (9th Cir. 1982)).

[13] *Id.*

discriminated 'drops from the case,' and the plaintiff must then show that the defendant's alleged reason for [the treatment] was merely a pretext for discrimination."[14]

To present a prima facie case of sex or gender discrimination, Golden must show that: (1) she belongs to a protected class; (2) she was performing according to her employer's legitimate expectations; (3) she suffered an adverse employment action; and (4) similarly situated employees were treated more favorably, or other circumstances surrounding the adverse employment action give rise to an inference of discrimination.[15] No one disputes that, as a woman, Golden is a member of a protected class, or that she suffered an adverse employment action. The parties only dispute whether she was performing her job satisfactorily and whether similarly situated male employees were treated more favorably. I find that the record shows that she can't prove either.

### 1. Golden cannot show that she was performing her job satisfactorily.

Eastridge argues that Golden cannot present a prima facie gender-discrimination claim because she is unable to show that she was performing her job satisfactorily.[16] Eastridge points out that the final months of Golden's employment were littered with instances of workplace misconduct: she had a confrontation with another water-truck driver at the water pump; she hit a post with her truck and altered the scene; and she turned on the water pump while another employee was performing maintenance on it.[17] She received increasing levels of punishment for each infraction, starting with a verbal counseling, then escalating to a two-day suspension, and finally resulting in her termination.

---

[14] *Id.*

[15] *Hawn v. Exec. Jet Mgmt. Inc.*, 615 F.3d 1151, 1156 (9th Cir. 2010). Golden cites to Nevada state law for the prima facie gender-discrimination claim. But she makes clear that her claim is brought under federal law. *See* ECF No. 90 at 6 ("Defendant acted in violation of federal law when it subjected Plaintiff to discrimination and disparate treatments on the basis of her gender.").

[16] ECF No. 82 at 9.

[17] *Id.*

Golden responds that she was performing her job satisfactorily as evidenced by the facts that "[s]he qualified for the job she was hired . . . and by the fact that First Solar, for whom she previously worked, specifically requested that she be dispatched to work for them . . . ."[18]  She offers no citation to support this, but even with support, this does not prove that she was performing her job satisfactorily at the time she was fired.  So, the undisputed evidence shows that Golden was not performing her job satisfactorily.  She committed multiple infractions within a two-month window and received increasing levels of punishment for each one.  And because she can't show that she was performing her job satisfactorily, she is unable to present a prima facie discrimination claim.

### 2. Golden cannot show that similarly situated male employees were treated more favorably.

Golden's claim fails for a separate, independent reason—she can't show that similarly situated male employees were treated better than she was.  Golden offers examples of men who, she attests, were similarly situated and treated better than her.[19]  She argues that these men were treated better because she was suspended for two days after hitting a post, while others were suspended for one or not at all; and she was fired for a safety violation, while others were only suspended or written up.[20]

But Golden has not shown that these men were similarly situated to her.  Golden had an extensive disciplinary history before she was fired, and she does not show that these men did, too.  There is also no indication that these men were also Eastridge employees, were supervised by Golden's same supervisors, worked on the same job sites as Golden, or committed their infractions around the same general time.  So, Golden fails to present a prima facie discrimination claim on this basis, too.

---

[18] ECF No. 90 at 5.

[19] ECF No. 90 at 6–7.

[20] *Id.*

**C.** **Golden cannot show that Eastridge's proffered reasons were mere pretext for discrimination.**

Finally, even if I were to assume that Golden adequately presented a prima facie case, I must still grant summary judgment for Eastridge because there is simply no evidence of pretext. Eastridge presents evidence that Golden was disciplined in a tiered fashion for her repeated instances of workplace misconduct.[21] She was verbally counseled, then suspended, and ultimately terminated. There is also evidence that at least 10 male Eastridge employees were terminated for safety violations.[22]

Golden responds that the differences in punishment between her and the list of purported comparators, *supra*, are circumstantial evidence that she was treated differently because she is a woman.[23] She also offers two supplemental declarations from male employees—one of whom hit a post with his truck, and the other of whom committed a safety violation—who declare that they received lighter punishments than Golden. Eastridge disputes the admissibility of the list of comparators and the supplemental declarations, but even if I consider all of this information, it doesn't create a genuine issue of fact for trial. Golden's disciplinary history distinguishes her treatment from those men. Without showing that those men had multiple instances of discipline for increasing degrees of misconduct within a relatively short timeframe, Golden is unable to rebut Eastridge's legitimate, non-discriminatory reasons.

## Conclusion

Accordingly, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Eastridge's motion for summary judgment **[ECF No. 82] is GRANTED.**

IT IS FURTHER ORDERED that Golden's motion for leave to file supplemental declarations **[ECF No. 97] is GRANTED.**

---

[21] *See* ECF No. 82 at 4–5, ¶¶ 8–9, 13–14.

[22] *Id.* at 5, ¶ 15.

[23] ECF No. 90 at 8.

The **Clerk of Court** is directed to **ENTER JUDGMENT in favor of defendant Teg Staffing, Inc., d/b/a Eastridge Workforce Solutions and against Anita R. Golden and CLOSE THIS CASE**.

Dated: August 22, 2018

_____
U.S. District Judge Jennifer A. Dorsey